UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

BOBBY JAMES BOURQUE, ET AL.            CIVIL ACTION NO. 6:10-cv-01347

VERSUS                                 JUDGE DOHERTY

CNH AMERICA, LLC, ET AL.               MAGISTRATE JUDGE HANNA

### MEMORANDUM RULING

Before this Court are the following motions:

- CNH's motion for protective order regarding the plaintiffs "Third Set of Discovery" (Rec. Doc. 66);

- CNH's motion for protective order (Rec. Doc. 70); and

- CNH's motion for protective order (Rec. Doc. 72);

The motions are opposed.  Oral argument was held on August 24, 2011. Present in court were:  D. Patrick Daniel, representing the plaintiffs; C. Michael Hart and L. Adam Thames, representing defendant CNH America LLC and non-party Case IH Agriculture Equipment, Inc.; and Robert E. Barkley, Jr., representing third-party defendant, Eaton Corporation.  Ruling on the motions was deferred, and the parties were ordered to brief the issue of why information sought from CNH by the plaintiffs in discovery concerning post-1964 gas tanks and/or caps and the recall or modification of such tanks and/or caps is discoverable. (Rec. Doc. 85).  The parties

complied.  (Rec. Docs. 91 and 96).  For the reasons that follow, CNH's motions for protective order are granted in part, denied in part, and denied in part as moot.

**Factual background**

This products liability case arises from injuries sustained by the plaintiff when the tractor he was operating allegedly spewed gasoline from its fuel tank/cap onto him and ignited.  According to the plaintiff's theory of the case, the fuel tank/gas cap were defective in design in that they allowed for "geysering" of gasoline when pressure built up in the fuel tank due to heating from the engine which was situated below and in front of the tank.  The tractor is a 1962 J.I. Case Model 830 series 841.  According to the plaintiff, the gas cap was designed by Case and fabricated by Eaton, who was originally named as a third-party defendant but who has now been named as a direct defendant.

The plaintiff seeks discovery of information from defendant CNH (alleged to be the successor-in-interest to Case), relative to a recall and Mandatory Modification Program implemented by Case for certain gas caps/tanks.  CNH contends that, since the plaintiff's tractor was a 1962 model, and the recall was for caps/tanks manufactured from 1964 to 1972, neither the recall nor the post 1964 modifications to the design of the gas tanks and caps had anything to do with the gas cap or tank

-2-

utilized by the plaintiff.  Further, CNH contends the gas cap utilized by the plaintiff is of a different size than those that were the subject of the recall and Mandatory Modification Program.  Case allegedly never had any problems with the cap utilized by the plaintiff, and therefore, information from the recall/Modification Program is not relevant and not discoverable.  The plaintiff counters that the tractor models are the same; the tractor series are the same; the gas cap on the plaintiff's tractor was, in fact, the same gas cap that was the subject of the recall; and those gas caps had a documented history of "geysering" as in the case at bar.  The defendant emphatically denies this assertion.  Therefore, this Court is left with a very genuine dispute of a very material fact.

### *Substantive law and analysis*

While both parties focus on relevance as it pertains to admissibility of the evidence, issues that undoubtedly will be raised at trial, this is a discovery dispute governed by Fed.R.Civ.P. 26(b)(1) which provides in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the

discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The Fifth Circuit has stated that relevance, for purposes of Rule 26(b)(1), is when the request is reasonably calculated to lead to the discovery of admissible evidence. *Crosby v. Louisiana Health and Indemnity Co.* 647 F.3d 258, 262 (5th Cir. 2011).  Succinctly stated:

> Relevant information encompasses "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978); "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D.Kan.2001)(quoting *Scott v. Leavenworth Unified School Dist. No. 453*, 190 F.R.D. 583, 585 (D.Kan.1999)).  Unless it is clear that the information sought can have no possible bearing on the claim or defense of a party, the request for discovery should be allowed. *Id*.

*Merrill v. Waffle House, Inc*., 227 F.R.D. 467, 470 (N.D.Tex.2005).

While Rule 26(b)(2)(C) mandates limiting the frequency or extent of discovery in certain situations, the undersigned finds that CNH has not shown that any of those conditions exists in this case beyond its argument that the information is not relevant, and therefore, to produce it would be overburdensome and unreasonable.

Under the Louisiana Products Liability Act, La. R.S. 9:2800.51, *et. seq.,* one of the elements to determine whether a product is unreasonably dangerous in design

-4-

is whether there existed an alternative design for the product that was capable of preventing the claimant's damage.  La. R.S. 9:2800.56(1).  If the information provided by the plaintiff is true, i.e. that the subject gas cap is the same as the gas cap that was the subject of the recall, there is very little question that the information is discoverable.  However, even if the gas cap is of a different size as maintained by CNH, the undersigned cannot find that the information sought can have "no possible bearing" on the claims of the plaintiff given that the same type of event, "geysering," occurred in the same or similar model tractors, with the same or similar fuel systems at about the same period in time as the subject tractor was on the market.  If there existed an alternative design that would have prevented the claimant's accident that came about through the recall/Mandatory Modification Program, it may certainly have a bearing on the plaintiff's claims.

The parties did not brief the issue of cost or expense as suggested by the Court; therefore, the Court will deny the motion for protective order as it pertains to the recall and Mandatory Modification Program information and order that CNH provide responses to the plaintiff's discovery requests accordingly.

-5-

*Conclusion*

The Court finds the information sought by the plaintiff is discoverable under Rule 26(b)(1).  No claim of privilege has been asserted.  Nor has any evidence of undue burden or expense been presented.  Therefore, considering the foregoing,

**IT IS ORDERED** that the motions for protective order (Rec. Docs. 66, 70, and 72) are GRANTED IN PART, DENIED IN PART AS MOOT, AND DENIED AS FOLLOWS:

1.    These motions are GRANTED to the extent that the plaintiffs have sought to propound more than seventy-five interrogatories in contravention of the undersigned's prior order (Rec. Doc. 49);

2.    In all other respects, except with regard to CNH's objection to the plaintiffs' discovery concerning post-1964 gas tanks and/or caps and the recall or modification of such tanks and/or caps, the parties resolved their differences, and the motions are DENIED AS MOOT;

3.    With regard to CNH's request for protection against having to respond to the plaintiffs' discovery concerning post-1964 gas tanks and/or caps and the recall or modification of such tanks and/or caps, set forth in CNH's motions for protective order (Rec. Doc. 66 and 72), the motions are DENIED and CNH is to answer plaintiff's discovery requests accordingly;

4.      To the extent there are any claims for costs or attorney's fees incorporated into

any of these motions, they are DENIED.


Signed at Lafayette, Louisiana, this 14th day of October 2011.


Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)