RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/6/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| BOBBY JAMES BOURQUE, ET AL. | CIVIL ACTION NO. 10-1347 |
| VERSUS | JUDGE DOHERTY |
| CNH AMERICA LLC, ET AL. | MAGISTRATE JUDGE HANNA |

**MEMORANDUM RULING**

Pending before this Court is an appeal of the magistrate judge's discovery ruling [Doc. 106] in the above-captioned matter, in which the magistrate judge granted in part and denied in part several Motions for Protective Order [Docs. 66, 67 and 72] filed by defendant CNH America, LLC. Specifically, the magistrate judge granted the request for protective order to the extent the plaintiffs sought to propound more than 75 interrogatories in contravention of a previous order of the magistrate judge; denied as moot the request for protective order as to all matters that were resolved by the parties; and denied the request "with regard to CNH's request for protection against having to respond to the plaintiffs' discovery concerning post-1964 gas tanks and/or caps and the recall or modification of such tanks and/or caps," as set forth in CNH's motions for protective order [Docs. 66 and 72]. CNH was ordered to respond to plaintiffs' discovery requests on the foregoing matters.

CNH filed the instant appeal on October 28, 2011. Thereafter, plaintiffs' counsel filed two motions for extension of time to respond to the appeal [Docs. 115 & 116]. The first request was denied after plaintiffs' counsel failed to provide a reason justifying the extension [Doc. 118]. The second motion was similarly denied, and the opposition brief the plaintiffs filed into the record as a protective measure was stricken from the record as being noncompliant with the Federal Rules of

Civil Procedure for responsive briefing [Doc. 120]. Plaintiffs' motions for extension of time prompted a status conference with this Court, during which a new deadline was set for response to the appeal [Doc. 120]. Plaintiffs filed their response on December 12, 2011 [Doc. 121], and CNH filed a motion for leave to reply [Doc. 122], which was granted on December 19, 2011 [Doc. 124]. The matter has, therefore, been fully briefed, and the issues on appeal are now ripe for consideration.

For the following reasons, the recommendation of the magistrate judge is AFFIRMED.

I.   **Standard of Review**[1]

The magistrate judge's ruling on the motions for protective order were made under the referral authority of 28 U.S.C. § 636 and Fed.R.Civ.P. 72(a). Section 636(b)(1)(A) specifically requires the district court to apply a "clearly erroneous" standard when reviewing a magistrate judge's ruling on a non-dispositive, pretrial motion such as a discovery motion. *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995).[2]

2.   **Law and Analysis**

  A.   **Production of information and/or documentation concerning post-1964 gas tanks and/or caps**

As an initial matter, plaintiffs argue CNH must provide all requested information and/or documentation concerning post-1964 gas tanks and/or caps, as CNH has not appealed that portion

---

[1] The factual background and procedural history have been succinctly set forth in the magistrate judge's Report and will not be reiterated herein.

[2] Section 636(b)(1)(A) provides in pertinent part:

> a judge may designate a magistrate to hear and determine any pretrial matter pending before the court.... A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

18 U.S.C. 636(b)(1)(A).

of the magistrate judge's ruling. This Court agrees. CNH's objection to the magistrate judge's report is expressly stated on the first page of the appeal:

> Specifically, Defendant objects to the Report and Recommendation on the following ground: **Magistrate Judge Hanna erred in determining that discovery sought by the plaintiffs relative to the Mandatory Notification Program is relevant to the plaintiffs' claims and thus discoverable.**[3]

As CNH does not appeal that portion of the magistrate judge's ruling ordering production of all requested information and/or documentation concerning post-1964 gas tanks and/or caps, that portion of the magistrate judge's ruling is AFFIRMED.

b. **Production relating to "recall or modification of post-1964 gas tanks"**

CNH appeals the magistrate judge's ruling ordering it to "respond to plaintiffs' discovery concerning .... the recall or modification of [post-1964] gas tanks and/or caps." In its appeal, CNH refers to the foregoing discovery as discovery related to the "Mandatory Notification Program."

With respect to the dispute between the parties on this point, the following facts appear to be pertinent: Plaintiff Bobby James Bourque was injured after being burned by gasoline that spewed or "geysered" out of the gas tank of his/the plaintiff's tractor. The tractor in question was a J.I. Case tractor manufactured in 1962. Plaintiffs allege the gas cap and gas tank that were on the tractor at the time of the incident were defective in design and allowed the gasoline to "geyser" onto Mr. Bourque, resulting in his injuries. Plaintiffs' theory of the case is, *inter alia*, the gas tank/gas cap were defective in design for allowing "geysering" of gasoline when pressure built up in the fuel tank due to heating from the engine, which was situated below and in front of the gas tank. According to the plaintiffs, the gas cap on the tractor at the time of the accident was designed by J.I. Case

---

[3] *See* CNH's Appeal, Doc. 109, at p. 1 (emphasis in original).

Company, the predecessor-in-interest to defendant CNH, and manufactured by defendant Eaton Corporation. In discovery, the plaintiffs seek information relating to a recall and "Mandatory Modification Program" implemented by Case for certain gas tanks and gas caps. In its original protective order and in response to the instant appeal, CNH argues the recall in question was for gas tanks and caps manufactured from 1964 to 1972, and that because the plaintiff's tractor was a 1962 model, neither the recall nor the post-1964 modifications to the design of the gas tanks and caps have anything to do with the gas tank and cap on the plaintiff's tractor at the time of the accident. Additionally, in response to the instant appeal, CNH argues the tractor in question was "substantially modified after its manufacture and original sale," in that the tractor was converted from a Liquid Petroleum Gas tractor to a tractor that could run on regular gasoline. CNH argues the modifications were not made by Case and the parts used on the modification appears to have been obtained from a tractor salvage yard or locally fabricated. The plaintiffs dispute the foregoing, arguing the gas tank and cap at issue in this case were sold by Case as replacement parts.

Considering the foregoing, there appears to be a genuine factual dispute regarding whether the gas tank and cap located on the tractor in question at the time of the accident were designed and/or manufactured by Case.

Rule 26(b)(1) of the Federal Rules of Civil Procedure states:

> ***Scope in General.*** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed.R.Civ.P. 26(b)(1). The Fifth Circuit has construed the rule broadly, noting:

> Generally, the scope of discovery is broad and permits the discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1); *see Wyatt v. Kaplan,* 686 F.2d 276, 283 (5th Cir.1982). A discovery request is relevant when the request seeks admissible evidence or "is reasonably calculated to lead to the discovery of admissible evidence." *Wiwa v. Royal Dutch Petroleum Co.,* 392 F.3d 812, 820 (5th Cir.2004) (citation and internal marks omitted) . . . .

*Crosby v. Louisiana Health Service and Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011)

In resolving the dispute in the instant case, the magistrate judge noted that, under the Louisiana Products Liability Act, La. Rev. Stat. §9:2800.56(1), one of the elements the court must analyze to determine whether a product is unreasonably dangerous in design is whether there existed an alternative design for the product that was capable of preventing the claimant's damage. The magistrate judge explained that, if the plaintiff's theory is true – *i.e.*, the subject gas cap is the same as the gas cap that was the subject of the recall -- there is very little question the information sought by plaintiffs is discoverable. However, the magistrate judge noted even if the gas cap located on the plaintiff's tractor at the time of the accident is a different gas cap than the one that was the subject of the recall in question, he could not conclude the information sought could have "no possible bearing" on the plaintiffs' claims, given that the same type of event – "geysering" – occurred in the same or similar model tractors, using the same or similar fuel systems, at about the same time period that the subject tractor was on the market. The magistrate judge concluded if there existed an alternative design that would have prevented Mr. Bourque's injuries that came about through the "Mandatory Modification Program," such alternative design might have a bearing on the plaintiffs' claims, and, therefore, be relevant for purposes of discovery. This Court agrees.

In making this ruling, this Court in no way addresses the *admissibility* of the foregoing

evidence at trial, only that the information requested is *relevant* for purposes of discovery.

Considering the foregoing, it is ORDERED that CNH's appeal of the magistrate judge's discovery ruling [Doc. 106] is DENIED. The recommendation of the magistrate judge is hereby AFFIRMED, and CNH shall respond to plaintiffs' discovery concerning the recall or modification of [post-1964] gas tanks and/or caps as set forth in the magistrate judge's report.

It is further ORDERED that this matter is referred to the magistrate judge to devise a specialized discovery plan for the parties in this case.

It is further ORDERED that, once this matter is before the magistrate judge, counsel for CNH is permitted to present to the magistrate judge the issue of whether it is entitled to seek its costs associated with the production ordered in this ruling. Should counsel for CNH move for such costs, the matter shall be referred to the magistrate judge for ruling.

The Clerk of Court shall send a copy of this Memorandum Ruling and Order to the magistrate judge.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___3___ day of February, 2012.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE